# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN INDA PARRA, | 1:09-cv00323-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| J. SUGRUE, | [Doc. 1] |
| Respondent. | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant petition for writ of habeas corpus on February 23, 2009. (Court Doc. 1.) Petitioner is currently incarcerated at California City Correctional Center in California City, for a conviction imposed in the United States District Court for the Eastern District of California, Sacramento Division. (Petition, at 2.)

    Petitioner contends that his "ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the Court." (Id. at 3.)

    A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

1  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing
2  court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a
3  federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28
4  U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at
5  1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

6        In contrast, a federal prisoner challenging the manner, location, or conditions of that
7  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
8  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,
9  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
10  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79
11  (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
12  United States, 610 F.2d 672, 677 (9th Cir. 1990).

13        A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
14  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
15  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
16  States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has
17  recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
18  (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
19  motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054,
20  1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
21  does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
22  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
23  Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
24  petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams
25  v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,
26  United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
27  § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden
28  is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United

States, 315 F.2d 76, 83 (9th Cir. 1963).

As Petitioner clearly indicates on his form petition, he is challenging his conviction and sentence. Although Petitioner has filed in the proper district court to challenge the execution of his sentence, this petition should be heard by the district court containing the sentencing court. Petitioner's claims must be raised by way of a § 2255 motion. Accordingly, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and
2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 5, 2009**            **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE